BOOKER FOSTER *v.* HUGH WALKER, Admr.

PAYMENT: RELEASE.—The declaration of the creditor to the surety, that he was indebted to the principal on open account, and that there was to be a settlement between them, and that he would not, therefore, hold the surety further bound to pay the debt, though not good as a release, is *prima facie* an acknowledgment of payment, and will defeat a recovery against the surety, unless the plaintiff show affirmatively that the claim of the principal against him is insufficient to satisfy the debt.

IN error from the Circuit Court of Tippah county. Hon. P. T. Scruggs, judge.

The plaintiff, as administrator of Charles Walker, brought an action against the defendant upon a note for $200, made by defendant as surety, and one Moss as principal, and payable to Walker. The defendant filed several pleas, setting up as a defence, payment, and a release by Walker of the defendant's obligation to pay the debt.

In support of his pleas, the defendant proved, by one Hooper, that, upon one occasion, in the lifetime of Charles Walker, he heard the defendant say to Walker that he, the defendant, did not wish to remain longer liable for Moss on the note sued upon, and that Walker must proceed by law to collect the note; that Walker then said to the defendant that Moss had a doctor's bill against him, and there was to be a settlement between them, and that he would not look to the defendant any further on the note; and that witness was called upon by the parties to witness this declaration.

On another occasion, Walker was placing some notes and accounts in the hands of witness for collection, and, upon seeing this note, Walker said he would not give that to witness for collection, but would retain it for a settlement between him and Moss.

The circuit judge charged the jury in substance as stated in the opinion of the court.

The plaintiff had verdict and judgment, for the amount of the note and interest; and the defendant moved for a new trial, which being refused, he took a bill of exceptions, and sued out this writ of error.

O. Davis, for plaintiff in error,
Cited The People v. Jansen, 7 Johns. R. 336; Paine v. Pinkard, 13 Ib. 174; Clark v. Niblo, 6 Wend. 236; Manchester Iron Man. Co. v. Sweeting, 10 Ib. 164; De La Torre v. Barclay, 2 Eng. L. & E. R. 270; Foster v. Clark, 6 Ib. 496.

Jackson and Brougher, for defendant in error.

T. J. and F. A. R. Wharton, on same side.

HANDY, J., delivered the opinion of the court.
The plaintiff in error, being surety upon a note made by one

Moss to the intestate of the defendant in error, called upon the intestate and stated that he did not wish to be longer bound upon the note ; and thereupon the intestate declared, in the presence of a person who was called as a witness to the declaration, that he would not hold the surety further bound, because the principal had a bill as a physician against him, and there was to be a settlement between them, and that he would not look further to the surety. This action was subsequently brought upon the note against the surety, who relied upon the agreement above stated as a discharge ; but it was held insufficient by the court below, and the plaintiff recovered judgment upon the note, the court being of opinion that it was necessary for the plaintiff in error to show that the physician's bill was extinguished by the consent of the principal, and that he agreed to discharge Walker thereupon, if Walker would release the surety on the note.

We do not consider this a correct view of the subject. The agreement between Walker and the surety, was in effect an acknowledgment that Moss, the principal, had a claim against him which was sufficient to discharge the note. It is an acknowledgment of a set-off, which would operate in law as a payment of the note. In consideration of that, he agrees to discharge the surety, thereby plainly admitting that Moss had a valid claim against him sufficient to discharge the note. *Prima facie* this was an acknowledgment of payment ; and in the absence of all proof or explanation, it was sufficient to bar a recovery against Foster, not on the ground of release, but because the agreement was an acknowledgment of payment. If the claim of Moss was insufficient to satisfy the note, it was incumbent on the plaintiff below to show that fact, in which event he would have been entitled to recover for any balance due upon the note over and above the amount of the account.

Judgment reversed and cause remanded.